**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of New Jersey
                                    (State)

Case number (*If known*): ___25-_____ Chapter __11__

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

   Powin Energy Operating Holdings, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   8  6  _  2  3  2  2  4  9  5

4. **Debtor's address**

   **Principal place of business**

   20550 SW 115th Ave
   Number       Street

   _____

   Tualatin              OR        97062
   City                  State     ZIP Code

   Washington
   County

   **Mailing address, if different from principal place of business**

   Number       Street

   P.O. Box

   City                  State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number       Street

   City                  State     ZIP Code

5. **Debtor's website** (URL)   https://powin.com

| Debtor | Powin Energy Operating Holdings, LLC | Case number *(if known)* | 25- |
|---|---|---|---|
| | Name | | |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

335910

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |

Debtor    Powin Energy Operating Holdings, LLC        Case number *(if known)*   25-
      Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.    Debtor   See Rider 1, attached.     Relationship   Affiliate

         District   New Jersey      When            MM / DD / YYYY

         Case number, if known

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

         Number      Street

         _____

         City                 State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor  Powin Energy Operating Holdings, LLC
        Name

Case number (if known)  25-

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☒ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/09/2025
             MM / DD / YYYY

✗ _Chad Paulson_                         Chad Paulson
DocuSigned by:
BB507BD3E626405...

Signature of authorized representative of debtor        Printed name

Title  Authorized Signatory

**18. Signature of attorney**

✗ /s/ Frank A. Oswald                    Date  06/09/2025
Signature of attorney for debtor               MM / DD / YYYY

Frank A. Oswald
Printed name

Togut, Segal & Segal LLP
Firm name

550 Broad Street
Number        Street

Newark                                   NJ      07102
City                                     State   ZIP Code

(212) 594-5000                           frankoswald@teamtogut.com
Contact phone                            Email address

028681986                                NJ
Bar number                               State

| **Fill in this information to identify the case**: |
| --- |
| United States Bankruptcy Court for the: <br><br> **District of New Jersey** |
| (State) <br> Case number *(if known)*: <br><br> Chapter  11 |

☐ Check if this is an
amended filing

## Rider 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively,  the "Debtors"), filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Powin, LLC.

| | DEBTOR NAME | EIN Number |
| --- | --- | --- |
| 1. | Powin, LLC | 86-2270504 |
| 2. | PEOS Holdings, LLC | 84-3515476 |
| 3. | Powin China Holdings 1, LLC | 82-4101422 |
| 4. | Powin China Holdings 2, LLC | 88-2699713 |
| 5. | Charger Holdings, LLC | 84-3515241 |
| 6. | Powin Energy Ontario Storage, LLC | 82-1358348 |
| 7. | Powin Energy Operating Holdings, LLC | 86-2322495 |
| 8. | Powin Energy Operating, LLC | 86-2256487 |
| 9. | Powin Project LLC | 39-2571583 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Powin Energy Operating Holdings, LLC,[1] | Case No. _____ |
| Debtor. | (Joint Administration Requested) |

## LIST OF EQUITY HOLDERS[2]

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Powin, LLC | 20550 SW 115th Avenue Tualatin, OR 97062 | 100% |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

[2] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Powin Energy Operating Holdings, LLC,[1] | Case No. _____ |
| Debtor. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Powin, LLC | 100% |

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

Fill in this information to identify the case:

☐ Check if this is an
amended filing

Debtor name    **Powin, LLC**

United States Bankruptcy Court for the: _____ District of _____

(State)

Case number (If known): **25-**_____

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Consolidated Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | Ace Engineering & Co., Ltd. 80, Sapyong-daero, Seocho-gu Seoul  06575 Republic of Korea | Telephone: (822) 578 0491 Email: chloe@acecontainer.com | Trade | | | | $100,104,820.79 |
| 2. | Qingdao CIMC-POWIN New Energy Technology Co., Ltd No.1 Huanghedong Road, China (Shandong) Pilot Free Trade Zone, Qingdao, P.R. Qingdao  266500 China | Telephone: +86 532 8676 7675 Email: info@cimc-powin.com | Contract Manufacturer | Disputed | | | $49,068,210.40 |
| 3. | Contemporary Amperex Technology Co., Limited (CATL) No.2 Xingang Road Zhangwan Town, Jiaocheng District, Ningde City, Fujian 352100 China | Telephone: '+86 181 5087 9959 Email:  RuanTF@catlbattery.com | Subsidiary/ Powin Owned Entity | CUD | | | $44,000,000.00 |
| 4. | Celestica LLC 11 Continental Blvd BLD 300 Suite 103 Merrimack NH 03054 | Telephone: (416) 448-5800 Email: petem@celestica.com | Contract Manufacturer | Disputed | | | $16,748,929.57 |

Debtor:   Powin, LLC _____   Case number (*if known*) 25-____
          Name

| # | | | | | | | |
|---|---|---|---|---|---|---|---|
| 5. | Clean Energy Services CES LLC<br>4201 Main Street<br>Suite 299<br>Houston, TX 77002 | Telephone: (713) 714-0762<br>Email: accounts.receivable@cesrenewables.com | Professional Services | Unliquidated | | | $10,107,691.13 |
| 6. | Formosa Electronic Industries Inc.<br>5F., NO8, Aly.130, Minquan Rd., Xindian Dist.,<br>New Taipei City 231,<br>Taibei 23141<br>Taiwan | Telephone: +886 2 2218 8888<br>Email: kelvin.chen@feii.com.tw;flora.zhang@feii.com.tw | Contract Manufacturer | Disputed | | | $9,180,133.58 |
| 7. | Rubicon Professional Services, LLC<br>3370 Chastain Gardens Drive Suite 220<br>Kennesaw, GA 30144 | Telephone: (770) 726-8975<br>Email: accounting@rubiconps.com | EPC / Contractor | | | | $8,453,344.50 |
| 8. | SMA America, LLC<br>3925 Atherton Road<br>Rocklin, CA 95677 | Telephone: (916) 625-0870<br>Email: ordermgmt@sma-america.com | Contract Manufacturer | Disputed | | | $8,370,089.83 |
| 9. | Mainfreight Air & Ocean Pty Ltd<br>154 Melrose Drive<br>Tullamarine<br>Melbourne VIC 3043<br>Australia | Telephone: +61 (3) 9330 6000<br>Email: lorraine.govender@mainfreight.com | Logistics | Disputed | $6,696,844.71 | Collateral Amount Unknown | Collateral Amount Unknown |
| 10. | JMS Wind Energy, Inc.<br>8022 S Rainbow Blvd<br>Ste 406<br>Las Vegas, NV 89139 | Telephone: (541) 483-0920<br>Email: julie@jmswindenergy.com | Professional Services | Unliquidated | | | $6,033.105.56 |
| 11. | Experience Knowledge Strategy, S.L.<br>AVDA. CAMAS 26<br>Bollullos De La Mitacion<br>Seville  41110<br>Spain | Telephone: 0034954181521<br>Email: fronquillo@eksenergy.com | Purchase/Sale Agreement | | | | $5,777,376.95 |
| 12. | EBARA Densan (Qingdao) Technology Co.,Ltd.<br>No.216, Shuangyuan Road, Chengyang District,<br>Qingdao Shandong Province 266111<br>China | Telephone: 053289653367628<br>Email: dong.jiakun@edg-ebara.com | Contract Manufacturer | | | | $5,297,762.07 |
| 13. | KPMG LLP<br>3 Chestnut Ridge Road<br>Montvale, NJ 07645 | Telephone: (503) 820-6809<br>Email: us-bkrdasc-ar@kpmg.com | Professional Services | | | | $4,586,591.27 |
| 14. | Contemporary Nebula Technology Energy Co., Ltd.<br>No. 33 Xingyexi Road<br>Mawei District<br>Fuzhou City Fujian Province China | Telephone: 8615924148801<br>Email: xuezhen.lin@cntepower.com | Contract Manufacturer | | | | $4,252,505.17 |
| 15. | GreEnergy Resources<br>108 Michelin Road<br>Ardmore, OK 73401 | Telephone: (580) 68-9534<br>Email: adam.fenner@greenergyresources.com | Professional Services | Unliquidated | | | $3,522,202.06 |

Debtor: Powin, LLC
_____
Name

Case number (*if known*) 25-_____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 16. | R.H. Shipping & Chartering S De RL De CV Av. Paseo De La Reforma No. 222 Piso 15 Col. Juarez Alcaldia Cuauhtemoc Ciudad De Mexico C.P. Cam 06600 Mexico | Telephone: +52 (55) 1328 4301 Email: cobranza@rh-shipping.com | Logistics | | | | $3,359,111.72 |
| 17. | Qingdao CIMC Container Manufacture Co., Ltd No.1, east Huanghe Road Economic & Technological Development ZonE Qingdao China | Telephone: +86-532-8693-5961 Email: yanfeng.yang@cimc.com | Contract Manufacturer | Disputed | | | $3,265,143.29 |
| 18. | Ultra Corpotech Private Limited Plot No-Pap-A-4 Chakan Industrial Area Phase IV Village Nighoje Opp M & M Gate No- 3 Tal-Khed Talwade Chakan Road Pune Maharashtra 410501 India | Telephone: 919922929251 Email: vgoykar@ultracorpotech.com | Trade Debt | | | | $3,215,744.53 |
| 19. | Envision AESC US LLC 500 Battery Plant Road Smyrna, TN 37167 | Telephone: (615) 751-3322 Email: ken.srebnik@envision-aesc.com | Trade Debt | | | | $2,901,664.21 |
| 20. | Pearce Services, LLC 1222 Vine Street Suite 301 Paso Robles, CA 93446 | Telephone: (805) 467-2528 Email: essnotifications@pearce-renewables.com | Professional Services | | | | $2,671,092.90 |
| 21. | Spark Power Renewables USA, Inc 4900 Diplomacy Road Fort Worth, TX 76155 | Telephone: (833) 775-7697 Email: AR@sparkpowercorp.com | Professional Services | | | | $2,486,017.08 |
| 22. | Sonic Systems International, LLC 1880 South Dairy Ashford Suite 207 Houston, TX 77077 | Telephone: (281) 531-7611 Email: ablock@sonicsystems.com | Professional Services | | | | $2,390,368.05 |
| 23. | McKinsey & Company, Inc. United States 175 Greenwich Street 3 World Trade Center FL 60-64 New York, NY 10007 | Telephone: Email: US_AR@mckinsey.com; mailto:info@mckinsey.com | Professional Services | | | | $1,600,000.00 |
| 24. | Bergstrom (Changzhou) Heat Exchangers Co., Ltd 28 AoYuan Road New District Changzhou, Jiangsu China, 213125 | Telephone: 8651968008000 Email: SShi@bergstrominc.com | Trade Debt | | | | $1,269,530.40 |
| 25. | Weifang Genius Electronics Co., Ltd. No. 37 Fangtai Road Fangzi District Weifang City Shandong Province 261206 China | Telephone: (756) 400-6201 Email: daisy.yang@genius-gp.com | Trade Debt | | | | $1,239,871.72 |

Debtor:  Powin, LLC
         _____
         Name                                                    Case number (*if known*)  25-_____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 26. | Ashbaugh Energy Consulting 530 Lakeside Road Fort Erie ON L2A 4Y1 Canada | Telephone: (905) 871-8000 Email: ashbaughenergy@gmail.com | Professional Services | Unliquidated | | | $1,222,341.87 |
| 27. | Shanghai Hdmann Industry Co., Ltd Room 1-912 No388 Xinfu Rd. Shanghai  201100 China | Telephone: 862133735789 Email: F5@hdmann.com | Trade Debt | | | | $1,093,534.82 |
| 28. | Crowe LLP 320 E Jefferson Blvd. P.O. Box 7 South Bend, IN 46624-0007 | Telephone: (972) 365-3437 Email: arremitadv@crowe.com | Professional Services | | | | $1,011,288.00 |
| 29. | Orr Protection Systems, Inc. 2100 Nelson Miller Pkwy Louisville, KY 40223 | Name: Erica Khourjian Telephone: (502) 244-4500 Email: opsaccounting@orrprotection.com | Subsidiary/ Powin Owned Entity | | | | $994,923.44 |
| 30. | Miller Nash Graham & Dunn LLP PO Box 3585 Portland, OR 97208 | Telephone: (503) 224-5858 Email: clientservices@millernash.com | Professional Services | | | | $889,356.21 |
| 31. | Carel USA, INC 385 S Oak Street Manheim, PA 17545 | Telephone: (717) 664-0500 Email: accounts.receivable_usa@carel.com | Trade Debt | | | | $787,295.95 |
| 32. | Propeller Inc PO Box 6860 Portland, OR 97228 | Telephone: (919) 699-0137 Email: lvillarreal@propellerpdx.com | Professional Services | | | | $783,792.00 |
| 33. | Specified Technologies Inc. 210 Evans Way Somerville, NJ 08876 | Telephone: (908) 526-8000 Email: AR@stifirestop.com | Trade Debt | | | | $777,062.30 |
| 34. | Building Automation Products, Inc. 750 N. Royal Ave. Gays Mills, WI 54631 | Telephone: (608) 735-4800 Email: Accountsreceivable@bapisensors.com | Trade Debt | | | | $580,730.40 |
| 35. | Schneider Electric IT Corporation 5081 Collections Center Drive Chicago, IL 60693-5081 | Telephone: (401) 789-5735 Email: SEITUSACASH.APPLICATIONTEAM@schneider-electric.com | Professional Services | | | | $568,116.85 |
| 36. | RH Shipping & Chartering (USA) LLC 400 N Sam Houston Pkwy East, Suite 1010 Houston, TX 77060 | Telephone: +52 33 8851 3180 ext. 1408 Email: mplascencia@rh-shipping.com | Professional Services | | | | $544,832.81 |
| 37. | Mainz Brady Group, Inc. PO Box 620375 Woodside, CA 94062 | Telephone: +1 650-524-8840 Email: accounting@mbg.com | Professional Services | | | | $500,900.41 |
| 38. | McGuireWoods Consulting LLP 800 East Canal Street Richmond, VA 23219 | Telephone: (804) 775-1000 Email: artaskforce@mcguirewoods.com | Professional Services | | | | $483,585.30 |
| 39. | CEVA Logistics US, Inc. 15350 Vickery Drive Houston, TX 77032 | Telephone: 1-800-888-4949 Email: juanfernando.aguilar@cevalogistics.com | Professional Services | | | | $469,350.66 |

Debtor:     Powin, LLC
Name _____

Case number (*if known*) 25-_____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 40. | SIBA LLC<br>29 Fairfield Place<br>Caldwell, NJ 07006 | Telephone: (973) 575-7422<br>Email: info@sibafuse.com | Trade Debt | Unliquidated | | | $420,987.58 |
| 41. | GLAS USA LLC<br>3 Second Street<br>Suite 206<br>Jersey City, NJ 07311 | Telephone: (212) 808-3050<br>Email:<br>clientservices.americas@glas.agency | Bank Loans | Unliquidated | | | $416,230.74 |
| 42. | Expeditors International of<br>Washington, Inc.<br>1015 Third Avenue<br>Seattle, WA 98104 | Telephone: (503) 863-2678<br>Email: remit@expeditors.com | Professional<br>Services | Unliquidated | | | $409,327.29 |
| 43. | Huizhou Topband Electrical<br>Technology Co., LTD<br>No. 113 Dongxin AVE,<br>Dongxin Block Dongjiang<br> Hi-Tech Industrial Park,<br>Zhongkai District Huizhou,<br>Dongguang,  516006<br>China | Telephone: 8675527651888<br>Email: wuxr@topband.com.cn | Contract<br>Manufacturer | Unliquidated | | | $405,884.78 |
| 44. | Build AppliedLogix, LLC<br>3495 Winton Place,<br>Building C Suite 2<br>Rochester, NY 14623 | Telephone: (585) 678-1027<br>Email: tduffy@appliedlogix.com | Trade Debt | Unliquidated | | | $400,756.56 |
| 45. | 8LOOP Logistics LLC<br>9432 Bradmore Lane<br>Suite 204<br>Ooltewah, TN 37363 | Telephone: (909) 671-9537<br>Email:<br>accounting@8looplogistics.com | Logistics | Unliquidated | | | $384,949.17 |
| 46. | Onshape A PTC Business<br>121 Seaport Boulevard<br>Boston, MA 0221 | Telephone: (650) 513-3500<br>Email: ar-credit@ptc.com | Professional<br>Services | Unliquidated | | | $377,301.71 |
| 47. | c3controls<br>664 State Street<br>Beaver, PA 15009 | Telephone: (724) 775-7926<br>Email: accounting@c3controls.com | Professional<br>Services | Unliquidated | | | $334,488.64 |
| 48. | Tech Heads Inc.<br>7070 SW Fir Loop<br>Portland, OR 97223 | Telephone: (503) 639-8542<br>Email: info@techheads.com | Professional<br>Services | Unliquidated | | | $320,155.17 |
| 49. | Kentec Electronics Limited<br>25 & 26 Fawkes Avenue,<br>Questor<br>Dartford Kent DA1 1JQ<br>United Kingdom | Telephone: +44 1322 222121<br>Email sales@kentec.co.uk | Trade Debt | | | | $304,071.97 |
| 50. | KELLER'S INC<br>6750 Gordon Road<br>Wilmington NC 28411<br>United States | Contact: Paul Tiso<br>Telephone: (910) 392-7011<br>Email bdixon@kellersinc.com | Trade Debt | | | | $278,208.23 |

**Fill in this information to identify the case and this filing:**

Debtor Name _Powin Energy Operating Holdings, LLC_

United States Bankruptcy Court for the: _____ District of _New Jersey_
(State)

Case number (*If known*): _____25-_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration _List of Equity Security Holders and Corporate Ownership Statement_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/09/2025__          ✖ _/s/ Chad Paulson_  _____
              MM / DD / YYYY                    Signature of individual signing on behalf of debtor

DocuSigned by:
*Chad Paulson*
BB507BD3E626405...

                            __Chad Paulson_____
                            Printed name

                            __Authorized Signatory_____
                            Position or relationship to debtor

**RESOLUTIONS OF THE SOLE MEMBER
OR ALL OF THE MEMBERS
OF EACH OF
PEOS HOLDINGS, LLC
POWIN CHINA HOLDINGS 1, LLC
POWIN CHINA HOLDINGS 2, LLC
CHARGER HOLDINGS, LLC
POWIN ENERGY ONTARIO STORAGE, LLC
POWIN ENERGY OPERATING, LLC
POWIN ENERGY OPERATING HOLDINGS, LLC
POWIN PROJECT LLC**

June 9, 2025

The undersigned, constituting the sole member or all of the members, as the case may be (each, a "Member" and collectively, the "Members") of PEOS Holdings, LLC, an Oregon limited liability company, Powin China Holdings 1, LLC, an Oregon limited liability company, Powin China Holdings 2, LLC, an Oregon limited liability company, Charger Holdings, LLC, an Oregon limited liability company, Powin Energy Ontario Storage, LLC, an Oregon limited liability company, Powin Energy Operating, LLC, a Delaware limited liability company, Powin Energy Operating Holdings, LLC, a Delaware limited liability company and Powin Project LLC, a New Jersey limited liability company (each a "Company" and collectively, the "Companies"), hereby adopt the following resolutions as of the date stated above:

A.    **Appointment of Chief Executive Officer**:

WHEREAS, each of the Members has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of each Company of which it is a member, and each such Company's creditors, shareholders, employees, and other interested parties, to appoint a new Chief Executive Officer ("CEO") following the resignation of the prior CEO to assist with management and operation of each such Company; and

WHEREAS, each of the Members has evaluated the capabilities of several candidates for the CEO appointment, and is prepared to make an appointment.

NOW, THEREFORE, BE IT RESOLVED, that effective as of the date hereof, each of the Members hereby appoints and promotes Brian Kane from each such Company's Chief Projects Officer to the new CEO for each such Company;

BE IT FURTHER RESOLVED, that each Company be, and it hereby is, authorized and directed to pay all fees and expenses incurred in connection with the engagement of the CEO;

BE IT FURTHER RESOLVED, that the officers of each individual Company, including, without limitation, the CRO, CEO and the General Counsel (each, with respect

1

to such Company, an "Authorized Officer" and together the "Authorized Officers") are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver, and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of each Company's management, advisors and the Members, in the name and on behalf of any Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**B.    Chapter 11 Case**:

WHEREAS, each of the Members has considered the financial and operational aspects of the business of each Company of which it is a member and the recommendations of the senior management of each such Company and each such Company's professionals and advisors;

WHEREAS, each of the Members has reviewed the historical performance of each Company of which it is a member, the market for each such Company's services, and the current and long-term liabilities of each such Company; and

WHEREAS, each of the Members has reviewed, considered, and received the recommendations of the senior management of each Company of which it is a member and each such Company's professionals and advisors as to a case of such Company under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code").

NOW, THEREFORE, BE IT RESOLVED, that each of Members has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of each Company of which it is a member, and each such Company's creditors, shareholders, employees, and other interested parties, for each such Company to file a voluntary petition under the provisions of chapter 11 the Bankruptcy Code and to take any related actions necessary to file for and effectuate bankruptcy protection and to take other actions in a bankruptcy case;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to take all actions deemed necessary or appropriate to protect the assets of each such Company and seek protection from creditors, including without limitation, if they deem it appropriate, to execute and verify or certify a voluntary petition under chapter 11 of the Bankruptcy Code and to sign or authorize any and all other pleadings, petitions, motions, schedules, lists, applications, affidavits, instruments, documents, or actions appropriate and desirable, as determined by them in the exercise of their discretion, prior to and throughout the course of the bankruptcy case and to take and

perform any and all further acts and deeds, and pay such fees, that they deem necessary, proper or desirable in connection therewith or in furtherance of any such petition or any such Company's case in chapter 11 of the Bankruptcy Code;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments, and pay such fees, as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of each Company's management, advisors and the Members, in the name and on behalf of any Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**C.** **Retention of Advisors**:

WHEREAS, each of the Members has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of each Company of which it is a member, and its creditors, shareholders, employees, and other interested parties to employ the law firm of Dentons US, LLP as general bankruptcy counsel to each such Company to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights, including filing and pleading, and in connection therewith, each such Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Dentons US, LLP;

WHEREAS, each of the Members has determined, in the good-faith exercise of its reasonable business judgment, that is desirable and in the best interests of each Company of which it is a member and each such Company's creditors, shareholders, employees, and other interested parties to engage Togut, Segal & Segal LLP as conflict and efficiency counsel for each such Company in connection with the chapter 11 case, subject to bankruptcy court approval;

WHEREAS, each of the Members has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of each Company of which it is a member and each such Company's creditors, shareholders, employees, and other interested parties to engage Huron Transaction Advisory LLC as investment banker for each such Company in connection with the chapter 11 case, subject to bankruptcy court approval; and

WHEREAS, each of the Members has determined, in the good-faith exercise of its reasonable business judgment, that is desirable and in the best interests of each Company of which it is a member and each such Company's creditors, shareholders, employees, and other interested parties to engage Kurtzman Carson Consultants LLC as claims agent for each such Company in connection with the chapter 11 case, subject to bankruptcy court approval.

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to engage Dentons US LLP as general bankruptcy counsel for each such Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, authorized and directed to engage Togut, Segal & Segal LLP as conflict and efficiency counsel for each such Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to engage Huron Transaction Advisory LLC as investment banker for each such Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, authorized and directed to engage Kurtzman Carson Consultants LLC as claims agent for each such Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to employ additional professionals as the Authorized Officers, in their reasonable discretion deem necessary to represent and assist each such Company in carrying out its duties under the Bankruptcy Code or to carry out the purpose and intent of the foregoing resolutions;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of any additional professional;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of

4

each such Company, to engage and retain all assistance by legal counsel, accountants, investment banking advisors, financial advisors, and other professionals, subject to bankruptcy court approval, and to perform any and all further acts and deeds that the Authorized Officers deem necessary, proper, advisable, or desirable in furtherance thereof with a view to the successful prosecution of each such Company's chapter 11 case;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of each Company's management, advisors and the Members, in the name and on behalf of any Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**D.**    **<u>Use of Cash Collateral</u>**:

WHEREAS, each of the Members has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of each Company of which it is a member and each such Company's creditors, shareholders, employees, and other interested parties, to approve the use of cash collateral by each such Company in the post-petition conduct of its business in accordance with any related orders of the bankruptcy court (the "<u>Cash Collateral Use</u>").

NOW, THEREFORE, BE IT RESOLVED, that the Cash Collateral Use is hereby adopted, approved and ratified in all respects, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company to do or cause to be done all such acts and things, and to take all actions deemed necessary or appropriate, to cause the bankruptcy court's approval of the Cash Collateral Use;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of each Company's management,

advisors and the Members, in the name and on behalf of any Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**E.    Forbearance and Support Agreement**:

WHEREAS, each of the Members has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of each Company of which it is a member and each such Company's creditors, shareholders, employees, and other interested parties, to enter into that certain Forbearance, Support and Joinder Agreement, with Powin Energy Intermediate, LLC, Powin, LLC, Powin Project, LLC, each of the other subsidiary guarantors party thereto and GLAS USA LLC (the "Forbearance Agreement"); and

WHEREAS, all capitalized terms used herein but not otherwise defined herein shall have the meanings given to them in the Forbearance Agreement.

NOW, THEREFORE, BE IT RESOLVED, that the Forbearance Agreement and the Loan Documents be, and they hereby are, authorized and approved in all respects;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to take such actions as he or she may deem, in his or her sole discretion, to be necessary, appropriate, or advisable for the purpose of consummating the transactions contemplated by the Forbearance Agreement and the Loan Documents, and effectuation and carrying out the intents and purposes of these resolutions, including, without limitation, paying all fees and expenses in accordance with the terms of the Forbearance Agreement or the Loan Documents, negotiating, executing, delivering, and performing, or causing the same, on behalf of each such Company, the Forbearance Agreement, the Loan Documents and any other agreements, amendments, instruments, financing statements, documents, notices, and certificates contemplated by or under the Forbearance Agreement or the Loan Documents;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company,  to assign, transfer, pledge and grant liens and security interests in all or substantially all of each such Company's assets, including intellectual property, inventory, chattel paper, accounts, equipment and general intangibles, as contemplated by the Forbearance Agreement or the Loan Documents, and the Authorized Officers of each such Company are hereby authorized and directed, for and on behalf of each such Company, to take such actions as he or she may deem, in his or her sole discretion, to be necessary, appropriate, or advisable for the purpose of granting or perfecting such liens and security interests;

BE IT FURTHER RESOLVED, the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each

6

such Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver, and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of each Company's management, advisors and the Members, in the name and on behalf of any Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**[SIGNATURES BEGIN ON THE FOLLOWING PAGE]**

US_ACTIVE\130485947\V-5

IN WITNESS WHEREOF, the undersigned Members have signed these resolutions as of the date first written above.

**MEMBERS:**

With respect to each Company,

POWIN, LLC

By:_____
Name:  John Brecker
Title:    Manager

With respect to Powin Energy
Operating, LLC only,

POWIN ENERGY OPERATING
HOLDINGS, LLC

By:  POWIN, LLC, its sole member

By:_____
Name:  John Brecker
Title:    Manager

8

**RESOLUTIONS OF THE SOLE MEMBER
OR ALL OF THE MEMBERS
OF EACH OF
PEOS HOLDINGS, LLC
POWIN CHINA HOLDINGS 1, LLC
POWIN CHINA HOLDINGS 2, LLC
CHARGER HOLDINGS, LLC
POWIN ENERGY ONTARIO STORAGE, LLC
POWIN ENERGY OPERATING, LLC
POWIN ENERGY OPERATING HOLDINGS, LLC
POWIN PROJECT LLC**

June 9, 2025

The undersigned, constituting the sole member or all of the members, as the case may be (each, a "<u>Member</u>" and collectively, the "<u>Members</u>") of PEOS Holdings, LLC, an Oregon limited liability company, Powin China Holdings 1, LLC, an Oregon limited liability company, Powin China Holdings 2, LLC, an Oregon limited liability company, Charger Holdings, LLC, an Oregon limited liability company, Powin Energy Ontario Storage, LLC, an Oregon limited liability company, Powin Energy Operating, LLC, a Delaware limited liability company, Powin Energy Operating Holdings, LLC, a Delaware limited liability company and Powin Project LLC, a New Jersey limited liability company (each a "<u>Company</u>" and collectively, the "<u>Companies</u>"), hereby adopt the following resolutions as of the date stated above:

WHEREAS, each of the Members has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to engage Uzzi & Lall as an advisor to the Company (with such advisory services to include, without limitation, making Gerard Uzzi available to the Company as a Chief Restructuring Officer), in connection with a potential chapter 11 bankruptcy case, subject to bankruptcy court approval (the "<u>Engagement</u>").

NOW, THEREFORE, BE IT RESOLVED, that the Engagement is adopted, approved and ratified, and the officers of each individual Company, including, without limitation, the Chief Executive Officer and the General Counsel (each, with respect to such Company, an "<u>Authorized Officer</u>" and together the "<u>Authorized Officers</u>") are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to engage Uzzi & Lall as an Advisor to the Company in connection with a potential chapter 11 bankruptcy case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to take or cause to be taken any and all such other and further actions, and to execute appropriate retention agreements, pay appropriate retainers prior to and

immediately upon the filing of a chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Uzzi & Lall;

BE IT FURTHER RESOLVED, that the Authorized Officers of each Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of each such Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of each Company's management, advisors and the Members, in the name and on behalf of any Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**[SIGNATURES BEGIN ON THE FOLLOWING PAGE]**

IN WITNESS WHEREOF, the undersigned Members have signed these resolutions as of the date first written above.

**MEMBERS:**

With respect to each Company,

POWIN, LLC

By: _____
Name:  John Brecker
Title:    Manager


With respect to Powin Energy Operating, LLC only,

POWIN ENERGY OPERATING HOLDINGS, LLC

By:  POWIN, LLC, its sole member

By: _____
Name:  John Brecker
Title:    Manager